UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

|  |  |
|---|---|
| **JOHN DAVID LAY,**<br><br>Plaintiff,<br><br>vs.<br><br>**FREDEANE ARTIS, et al.,**<br><br>Defendants. | **2:24-CV-10795-TGB-DRG**<br><br>HON. TERRENCE G. BERG<br><br>**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>**(ECF NO. 28)** |

Plaintiff John David Lay, proceeding without counsel, has brought suit against five current or former employees of the Michigan Department of Corrections ("MDOC") — Defendants Warden Fredeane Artis, Sergeant Daron Walker, Corrections Officers Richard Kent and Blake Lowe, and MDOC Statewide ADA Coordinator Robin Gilbert — for violations of 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, and the Michigan Persons with Disabilities Civil Rights Act ("PWDCRA"), MCL §§ 37.1101–37.1607. Complaint, ECF No. 1; *see* Motion for Summary Judgment, ECF No. 23 (providing the full names of the defendants). Defendants have moved for partial summary judgment on the ground that Plaintiff has failed to exhaust his administrative remedies. ECF No. 23. Magistrate Judge David R. Grand issued a Report and Recommendation, recommending Defendants' motion for partial summary judgment be granted. Report and

1

Recommendation, ECF No. 28. Lay has timely filed four objections to the Report and Recommendation. Objections to Report and Recommendation, ECF No. 29. For the following reasons, Lay's objections are **OVERRULED** and the Report and Recommendation is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

## I. BACKGROUND

### A.    Factual Background

Plaintiff John David Lay, currently incarcerated at the Lakeland Correctional Facility ("LCF") under the custody of MDOC, alleges violations of 42 U.S.C. § 1983, the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213, and the PWDCRA, MCL §§ 37.1101–37.1607, arising out of his incarceration at the Thumbs Correctional Facility ("TCF"). ECF No. 1.

Lay alleges that he was "deprived" of "reasonable accommodations for his handicap/disability." *Id.* at PageID.4. Specifically, Lay states that "[d]ue to his height" — six feet and eight inches — "he needs a special bed … so that he can lay down and sleep without curling up in the fetal position" and "sit up … without bumping his head, or sitting in a curled position." *Id.* at PageID.5.

On June 27, 2023, Lay filed "an ADA request for accommodations" relating to his height. *Id.* at PageID.5, 6. It appears that Lay requested "to have [his] bunk altered to accommodate [his] height." Grievance Report, ECF No. 23-3, PageID.129.

2

On August 2, 2023, after not having received a response regarding his request, Lay filed a grievance with MDOC. ECF No. 1 at PageID.6; ECF No. 23-3, PageID.126–33. As relevant here, in that grievance (Grievance No. TCF-23-08-639-3f ("TCF-639")) Lay alleges that

> [a]s of 8-2-23 I have not heard from either the State Wide ADA Coordinator or the Warden in regards to [Lay's request for a modified bed]. There has been no attempt to even look at the bunck let alone make any adjustments in regards to making it suitable for me to actually sit on … I am requesting the Warden, TCF ada Coordinator and the State Wide ADA Coordinator get together and honor my reasonable request so that I can utilize my bunck without causing severe pain.

ECF No. 23-3, PageID.130.

Lay alleges that in retaliation for filing this complaint, on August 28, 2023,

> Sgt. Walker, acting under the authority of Warden Artis, ordered Plaintiffs cell-room area shaken down by two specific corrections officers, C/O Kent and C/O Lowe. After leaving his area in disarray, Plaintiff asked both officers why did they "toss/trash" his cell/room area and he was told "you should not have filed an ADA Complaint -deal with it."

ECF No. 1, PageID.6. On the same day, Lay filed another grievance with MDOC. *Id.* at PageID.6; ECF No. 23-3, PageID.119–25. As relevant here, in that grievance (Grievance No. TCF-23-08-710-17g ("TCF-710")) Lay alleges that

3

> [o]n 8/03/23, at approximately 8:30pm, c/o Kent &
> Lowe ordered me out my cell for a shakedown, and
> the shakedown lasted until about 9:30pm. To my
> dismay, my property was dumped everywhere and
> staff did not try to put it back. My cell was totally
> ramsacked. … I tried to speak with Kent and Lowe
> but Kent said "Deal with it!"

ECF No. 23-3, PageID.123.

Lay alleges that on September 12, 2023, MDOC Statewide ADA Coordinator Gilbert,

> sided with the facility that Plaintiff's height was
> not a disability and not covered under the ADA.
> Defendant Gilbert also indicated that she too had
> requested a review by the CFA ADD to review the
> bunk placement, and Plaintiffs follow up request
> should be handled via the facility process and not
> on a ADA request.

ECF No. 1, PageID.6.

As recounted by Lay, on September 14, 2023, Warden Artis informed him that TCF-639 "was partially resolved because" Lay would "be transferred to a facility that has beds to accommodate his height." *Id.* On October 30, 2023, Warden Artis informed Lay that TCF-710 was "resolved in part because the two officers had been retrained on cell search procedures, and also indicated there was no evidence the search was done in retaliation or intimidation because officers have no knowledge of ADA claims." *Id.*

Lay alleges that he "was subsequently transferred to the Lakeland correctional Facility and the bunk was also transferred to that facility for

4

ADA accommodations." *Id.* at PageID.7. As a result of this transfer, Lay "was removed from the Blue Star Dog Training Program at the Thumbs Facility where he made a monthly pay wage voucher of over $30.00 a month." *Id.*

Lay filed suit in this action on March 28, 2024, alleging following claims: (1) that the actions of Warden Artis constitute "a willful violation of Plaintiff's rights under the ADA"; (2) that the actions of Sergeant Walker and Corrections Officers Kent and Lowe "constitute[] retaliation for Plaintiff having exercised his right to seek redress through the grievance process at TCF" and thereby "violate[] the First Amendment"; (3) that the actions of MDOC Statewide ADA Coordinator Gilbert, "constitute[] a willful violation of 42 USC § 121032 [sic]; 28 C.F.R. 35.130(b)(7)(i), and 29. 35. 108(b), when she ignored the ADA complaint and thereafter, sided with the TCF facility's plant supervisor that height was not covered under the ADA and allowed Plaintiff to suffer"; (4) that the actions of all Defendants "constitute[] a denial of fundamental due process of law, equal protection of the law, and a right to be free of discriminatory practice by allowing the ADA violation to stand without correction, removing him from the Blue star Dog training Program, retaliatory transfer," as well as violating the PWDCRA. *Id.* at PageID.9–10.

**B.    Defendants' Partial Summary Judgment Motion**

On December 12, 2024, Defendants moved for partial summary judgment, arguing that Lay failed to exhaust his administrative remedies as to some of the claims, as required under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). ECF No. 23.[1]

Defendants argue that "Lay [has] exhausted the claims asserted in TCF-639 against Gilbert and Warden Artis, and in TCF-710 against COs Lowe and Kent." ECF No. 23, PageID.100. Thus, with respect to "claim no. 1," the ADA claim against MDOC Statewide ADA Coordinator Gilbert and Warden Artis, Defendants concede that Lay has exhausted the asserted claims "against Gilbert and Warden Artis." *Id.*

With respect to "claim no. 2," the First Amendment retaliation claim against Corrections Officers Kent and Lowe and Sergeant Walker relating to Lay's cell being ransacked, Defendants argue that because TCF-710 only references "COs Kent and Lowe," "Lay did not exhaust

---

[1] Defendants' categorization of Lay's claims do not clearly correspond to the "counts" contained in Lay's complaint. Instead, Defendants reference "claim no. 1," which contains "the same claims" as those contained in TCF-639; "claim no. 2," which contains "the same claims" as those contained in TCF-710; and "claim no. 3," which relates to "Lay's allegedly retaliatory transfer." *Id.* at PageID.100–01. As Judge Grand describes, "Defendant's reference to 'claim no. 1' appears to relate to their own grouping of Lay's allegations into three 'claims': 1. Lay's ADA claim against Gilbert and Warden Artis; 2. Lay's claim against Kent, Lowe, and Walker about his cell being 'trashed'; and 3. Lay's retaliatory transfer claim against Gilbert." ECF No. 28, PageID.176 n.4.

claim no. 2 as to Warden Artis or Sgt. Walker, so the Court should dismiss them from claim no. 2." *Id.*

Next, with regard to the retaliatory transfer claim, because "neither TCF-639 nor TCF-710 concerned Lay's allegedly retaliatory transfer … the Court should dismiss claim no. 3 from this lawsuit." *Id.* at PageID.100–101.

Lastly, because "Lay did not name Sgt. Walker in either grievance, he did not exhaust any claims against Sgt. Walker" and the "Court should therefore dismiss Sgt. Walker from this lawsuit." *Id.* at PageID.101.

### C.  Judge Grand's Report and Recommendation

In his Report and Recommendation filed on May 30, 2025, Judge Grand recommended that "Defendants' Motion for (Partial) Summary Judgment on the Basis of Exhaustion (ECF No. 23) be GRANTED." ECF No. 28, PageID.171. Additionally, Judge Grand dismissed other claims on his own initiative. *Id.*

Specifically, Judge Grand stated that because "Lay mentions alleged deprivations of 'fundamental due process of law' and 'equal protection of the law' in only the most vague and conclusory terms," in the fourth claim of the complaint, "to the extent Lay is attempting to plead 'due process' and 'equal protection' claims against Defendants, such claims should be dismissed" under Fed. R. Civ. P. 8(a)(2). *Id.* at PageID.173.

Regarding Defendants' argument that Lay failed to exhaust any claims against Sergeant Walker, Judge Grand recommended that "summary judgment should be granted in favor of Sergeant Walker." *Id.* at PageID.182.

Regarding Defendants' argument that Lay failed to exhaust his First Amendment retaliation claim against Warden Artis, Judge Grand found that

> [b]y the Court's reading of Lay's complaint … Lay is not pleading such a claim against Artis – indeed, he names only "Walker, Kent and Lowe" under the heading "Count-Two." Regardless, to the extent Lay seeks to bring a First Amendment retaliation claim against Artis based on the "shakedown" of his cell, such a claim fails because it is undisputed that it was not properly exhausted as to anyone other than Lowe and Kent.

*Id.* at PageID.177 n.5 (citation omitted).

Regarding Defendants' argument that Lay failed to exhaust his claims regarding his purportedly retaliatory transfer out of TCF, Judge Grand recommended that "summary judgment should be granted in Defendants' favor on Lay's alleged retaliatory transfer claim." *Id.* at PageID.182.

Additionally, as to the PWDCRA claim contained in the fourth claim of Lay's complaint, Judge Grand stated that Defendants "ignore[d]" this claim. *Id.* at PageID.176 n.4. "Although not articulately stated, Lay's PWDCRA claim is arguably encompassed within TCF-639. Thus, just as

the Court should not dismiss Lay's ADA claim against Gilbert and Warden Artis, it should also not dismiss Lay's corresponding PWDCRA claim in Count IV against them." *Id.*

Accordingly, Judge Grand recommended that

> Lay should be permitted to proceed with only (1) his First Amendment retaliation claim against Corrections Officers Kent and Lowe arising out of the alleged "shakedown" of his cell on August 28, 2023; and (2) his claim that Warden Artis and ADA Coordinator Gilbert violated his rights under the ADA and the PWDCRA in denying his request for an accommodation to the height of his bunk. Additionally, summary judgment should be granted in favor of Sergeant Walker, and all other claims should be dismissed.

*Id.* at PageID.182–83.

### D. Objections to the Report and Recommendation

On July 8, 2025, Lay timely filed objections to Grand's Report and Recommendation. ECF No 29. Lay raised four specific objections, each directed to Judge Grand's recommendation that the claims against Sergeant Walker should be dismissed. *Id.*

Defendants neither objected to the Report and Recommendation nor filed any response to Lay's objections.

## II. LEGAL STANDARD

### A. Standard Pertaining to Review of a Report and Recommendation

Either party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of a magistrate judge's

report and recommendation. 28 U.S.C. § 636(b)(1). Objections must cite the specific portion of the report and recommendation to which they pertain.

"The District Court need only review the Magistrate Judge's factual or legal conclusions that are specifically objected to by either party." *Ghaster v. City of Rocky River*, 913 F. Supp. 2d 443, 452 (N.D. Ohio 2012) (*quoting Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Failure to object waives further review of a district court's adoption of the report and recommendation. *Pfahler v. Nat'l Latex Prods. Co.*, 517 F.3d 816, 829 (6th Cir. 2007). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) And the filing of vague, general, or conclusory objections is insufficient to preserve issues for further review. *Cole v. Yukins*, 7 Fed. App'x 354, 356 (6th Cir. 2001).

This Court must review de novo (as if it were considering the issues for the first time) the parts of a report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge ... or receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## B.  Law Governing Motions for Summary Judgment

Rule 56(a) of the Federal Rules of Civil Procedure provides that a court shall grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the case under governing law. *Id.* at 249.

On a motion for summary judgment, the Court must view the evidence, and any reasonable inferences drawn from the evidence, in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citations omitted); *Redding v. St. Eward*, 241 F.3d 530, 531 (6th Cir. 2001).

The moving party has the initial burden of demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party carries this burden, the party opposing the motion "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita*, 475 U.S. at 587. The trial court is not required to "search the entire record to establish that it is bereft of a genuine issue of material fact." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989). Instead, the "nonmoving party has an affirmative duty to direct the court's attention to those specific

portions of the record upon which it seeks to rely to create a genuine issue of material fact." *In re Morris*, 260 F.3d 654, 655 (6th Cir. 2001). The Court must then determine whether the evidence presents a sufficient factual disagreement to require submission of the challenged claims to the trier of fact or whether the moving party must prevail as a matter of law. *See Anderson*, 477 U.S. at 252. For the Court to grant summary judgment, the evidence cannot be such that "a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.

The failure to exhaust administrative remedies is an affirmative defense under the PLRA, *Jones v. Bock*, 549 U.S. 199, 216 (2007), which the defendant has the "burden to plead and prove by a preponderance of the evidence," *Lee v. Willey*, 789 F.3d 637, 677 (6th Cir. 2015). As a result, the defendant's burden on summary judgment based on exhaustion is "higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Surles v. Andison*, 678 F.3d 452, 455–56 (6th Cir. 2012) (quotations and citations omitted); *see also Johannes v. Washington*, No. 14-11691, 2016 WL 1253266, at *10 (E.D. Mich. Mar. 31, 2016) (Michelson, J.) ("On summary judgment ... the defendant has the burden of convincing the court that no reasonable jury could find that the plaintiff exhausted his claims.") (citing to *Surles*, 678 F.3d at 455–56).

12

## III. DISCUSSION

Lay only objects to Judge Grand's recommendation that summary judgment should be granted in favor of Sergeant Walker. ECF No. 29. Thus, the Court need only assess whether summary judgment should be granted as to Sergeant Walker. *See Ghaster*, 913 F. Supp. 2d at 452; *Pfahler*, 517 F.3d at 829. Accordingly, the Court adopts all other recommendations of Judge Grand without further review.

Defendants argue that summary judgment should be granted in favor of Sergeant Walker because "Lay did not name Sgt. Walker in either grievance" and thus "did not exhaust any claims against Sgt. Walker." ECF No. 23 at PageID.101. The Court addresses this argument in turn.

### A.  Prison Litigation Reform Act & MDOC Procedures

The Prison Litigation Reform Act (PLRA) includes a provision requiring that prisoners must first exhaust all available administrative remedies before they may bring a civil action in federal court. Under the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a). In other words, "unexhausted claims cannot be brought in court." *Jones*, 549 U.S. at 211.

13

To exhaust available administrative remedies, an inmate must "tak[e] advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (*quoting Woodford v. Ngo*, 548 U.S. 81, 90, 95 (2006)). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

As both parties recognize (ECF No. 23, PageID.96; Pl. Response Brief, ECF No. 25, PageID.141), MDOC Policy Directive 03.02.130 ("Policy Directive 03.02.130") sets forth the applicable three-step grievance procedures for prisoners in MDOC custody. *See* Policy Directive 03.02.130, ECF No. 23-2. According to that Policy Directive, in order "to exhaust a prisoner's administrative remedies," complaints filed by prisoners must pursue a grievance "through all three steps of the grievance process in compliance with" that Directive. *Id.* ¶C.

As relevant here, the Directive requires that a Step I grievance must include "[d]ates, times, places, and names of all those involved in the issue being grieved." *Id.* ¶S; *Smith v. Madery*, No. 23-12703, 2025 WL 2315658, at *1 (E.D. Mich. July 22, 2025) (Morris, J.) ("A prisoner's step one grievance must include the dates, times, places, and names of all

14

those involved in the issue being grieved." (cleaned up)), *adopted* 2025 WL 2313203 (E.D. Mich. Aug. 11, 2025). Thus, if an original grievance fails to specify the identity of a person who is later named as a defendant in a federal suit, the claim is generally not considered as having been properly exhausted as to that person. *See Reed-Bey*, 603 F.3d at 324; *Pasley v. Maderi*, No. 13-13251, 2014 WL 5386914, at *4 (E.D. Mich. Sept. 15, 2014) (Lawson, J.) (dismissing claims against the individual defendants who were not named in the Step I grievance), *aff'd* (July 23, 2015).

### B. Whether the Claims Against Sergeant Walker are Exhausted

Lay identifies only two grievances as relevant to this lawsuit: TCF-710 and TCF-639. *See* ECF No. 1, PageID.6.

Defendants allege that Lay did not name Sergeant Walker in either TCF-710 or TCF-639, and that Lay therefore did not exhaust any claims against Sergeant Walker by filing those grievances. ECF No. 23 at PageID.101. The Court agrees.

A review of Lay's Step I grievances in TCF-710 and TCF-639 shows that Sergeant Walker is not mentioned either by name or by position. *See* ECF No. 23-3, PageID.123, 129–30. While "failure to name can be excused if it is obvious from the facts alleged in the grievance that the defendants were involved and the prison had the opportunity to address the claims" and while "identifying a subject of the grievance by title …

can be adequate to give prison officials notice of the claim," *Sedore v. Greiner*, No. 19-10311, 2020 WL 8837441, at *8 (E.D. Mich. Sept. 21, 2020) (Whalen, J.), *adopted Sedore v. Campbell*, 2021 WL 405987 (E.D. Mich. Feb. 5, 2021), here neither grievance alleges facts suggesting any involvement by Sergeant Walker. Thus, there are no claims against Sergeant Walker that have been exhausted in either of the grievances. *See Pasley*, 2014 WL 5386914, at *4 (Lawson, J.) (dismissing claims against the individual defendants who were not named in the Step I grievance). Accordingly, the Court adopts Judge Grand's recommended finding that Lay's claims against Sergeant Walker are unexhausted and should be dismissed. *See* ECF No. 28, PageID.182.

### C. Lay's Objections

Lay raises four enumerated objections to Judge Grand's Report and Recommendation — each relating to the recommendation that the summary judgment be granted as to Sergeant Walker. ECF No. 29. Given that the four objections contain duplicative argumentation, the the Court will address the three substantive issues raised in the objections.

> 1. Whether the Administrative Grievance Process was Unavailable to Lay[2]

Lay argues that the "administrative remedies" were "thwarted" and that, as a result, "the administrative grievance process [was] unavailable." ECF No. 29, PageID.185-88. Specifically, Lay recounts

> that when the two correction officers entered the cell/room area and ransacked Plaintiff's property, he tried to get the name of the person who authorized them to do his cell/room, and leave it in such a manner, and he was then told that he should not have submitted his ADA claim.

*Id.* at PageID.185. Lay had previously raised this argument in his brief responding to Defendants' summary judgment motion. *See* ECF No. 25, PageID.140. Judge Grand rejected this argument, finding that while "Kent and Lowe are named multiple times in Lay's Step I grievance … there is no indication that the conduct of another individual whose identity could not be determined was at issue." ECF No. 28, PageID.181. Thus, "there is no basis to find that Defendants were on notice that Lay was also challenging the conduct of Walker." *Id.*

Additionally, Judge Grand found that "even if Lay did not know Walker's identity before filing TCF-710, but still wanted to challenge his conduct, he could have identified him by position or as an individual who ordered Kent and Lowe to conduct the shakedown." *Id.*

---

[2] Lay raises this argument in various forms in his first, third, and fourth objection. The Court addresses them jointly

The Court agrees. While it is true that the PLRA "'contains its own, textual exception to mandatory exhaustion' that applies when remedies are not 'available,'" such as "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation," *Lamb v. Kendrick*, 52 F.4th 286, 292–93 (6th Cir. 2022) (*quoting Ross*, 578 U.S. at 642–44), the record here does not support such a finding.

First, the Step I grievances of TCF-710 and TCF-639 show no attempt by Lay to raise a grievance against Sergeant Walker. Lay describes no actions taken by Sergeant Walker nor does he refer to Sergeant Walker by mentioning or alluding to his position or authority. Thus, it is clear that Lay did not attempt to comply with the administrative requirement that he name Sergeant Walker. In the absence of such an effort, it cannot be said that Lay was "thwarted." *Ross*, 578 U.S. at 644. Thus, Lay is not absolved from the PLRA's exhaustion requirement. *See Lamb*, 52 F.4th at 293 ("Even if an inmate has evidence to show that an administrative procedure was unavailable, he is not automatically absolved from the PLRA's exhaustion requirement because this Circuit requires inmates to make 'affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable.'" (citation omitted)).

Second, Lay has presented no evidence — other than the unsupported factual allegations contained in his brief, which are

insufficient on summary judgment, *see Saffold v. E.L. Hollingsworth & Co.*, 17-14088, 2018 WL 3997860, at *1 (E.D. Mich. Aug. 21, 2018) (Steeh, J.) — that Corrections Officers Lowe and Kent failed to provide Lay with the name of the person who authorized them to conduct the search. In fact, neither the grievances (TCF-710 and TCF-639) nor the complaint mention any "thwarted" attempt by Lay to ascertain the identity of Sergeant Walker. Thus, Lay has not presented evidence sufficient to create a genuine issue of material fact as to factual basis for his argument that the grievance process was unavailable to him. *See Anderson*, 477 U.S. at 248.

In fact, in the section summarizing the investigation performed in response to TCF-710, Sergeant Buchanan recounts that Sergeant Buchanan "interviewed Officer Lowe and he stated that he and Officer Kent were told by Sergeant Walker to search cell 39/40 of Auburn A." ECF No. 23-3, PageID.124. Thus, Lay was provided with the requisite information to initiate a grievance properly naming Sergeant Walker. Consequently, the grievance process could not be said to be "unavailable" to Lay. *Ross*, 578 U.S. at 642.

In response, Lay alleges that "had he submitted a new grievance against Sgt. Walker after learning his name during the second step process, it would have been rejected as being duplicative." ECF No. 29, PageID.186. Lay references Policy Directive 03.02.130 ¶J.2., which provides that "[a] grievance shall be rejected … if … [i]t raises issues that

are duplicative of those raised in another grievance filed by the grievant."[3] Thus, Lay argues, "a new grievance against that named official is prohibited as a successive grievance on the same subject matter." ECF No. 29, PageID.186.

Similarly, Lay alleges that "[h]ad he waited until he got the name of Sgt. Walker, his grievance would been untimely." *Id.* at PageID.188. Lay appears to rely on Policy Directive ¶J.5., which provides that "[a] grievance shall be rejected … if … [t]he grievance is filed in an untimely manner. The grievance shall not be rejected if there is a valid reason for the delay."

While the Court is doubtful that such a new grievance would be found duplicative or untimely under Policy Directive 03.02.130 ¶J, it need not address this issue; because Lay did not make an "affirmative effort[] to comply with the administrative procedures," by filing a new grievance properly naming Sergeant Walker, the Court need not "analyz[e] whether the facility rendered these remedies unavailable." *See Lamb*, 52 F.4th at 293.

Accordingly, Lay's first, third, and fourth objections are overruled.

---

[3] Lay seems to have raised this same argument in his brief responding to Defendants' summary judgment motion. *See* ECF No. 25, PageID.142, 147. Neither Defendants nor Judge Grand addressed this argument. *See* Def. Reply Brief, ECF No. 26; ECF No. 28.

2.  Whether Lay's Right to a Jury Trial is Implicated[4]

Lay argues that he is entitled to a jury trial on all factual disputes related to exhaustion. *See* ECF No. 29, PageID.186–87. This argument fails for one simple reason: the right to a jury trial is not implicated when, as here, there exists no genuine issue as to any material fact. *See Fidelity & Deposit Co. v. United States,* 187 U.S. 315, 319–20 (1902); *Byrd v. Blue Ridge Rural Elec. Co-op., Inc.*, 356 U.S. 525, 537 (1958) (in the federal system, "decisions of *disputed* questions of fact" are "assign[ed] … to the jury" (emphasis added))

The case law on which Lay relies is not to the contrary. Primarily, Lay cites to *Perttu v. Richards*, 605 U.S. 460 (2025).[5] *See* ECF No. 29, PageID.186–87. *Perrtu* held "that parties have a right to a jury trial on PLRA exhaustion when that issue is intertwined with the merits of a claim that falls under the Seventh Amendment." *Perttu*, 605 U.S. at 468. However, in *Perttu*, unlike here, the magistrate judge had "concluded that there was 'a genuine issue of fact as to whether Plaintiffs were excused from properly exhausting their claims due to interference by

---

[4] Lay raises this argument in his second objection.

[5] Although *Perttu* was decided after Judge Grand issued his Report and Recommendation, *Perttu* affirmed the judgment of the Sixth Circuit in *Richards v. Perttu*, 96 F.4th 911 (6th Cir.), *aff'd*, 605 U.S. 460 (2025), which was decided before the briefing of Defendants' motion for summary judgment.

Perttu' and that the issue was 'appropriate for resolution during an evidentiary hearing.'" *Id.* at 466. *Perttu* does not change the practice of granting summary judgment when there is no genuine dispute as to any material fact — it reaffirms that a trial is appropriate when *there is* a genuine issue of material fact. *See Herod v. King*, No. 22-086, 2025 WL 2298969, at *5 (N.D. Tex. Aug. 8, 2025) (*Perttu* is not implicated when there is no genuine dispute as to exhaustion).

Accordingly, Lay's second objection is overruled.

### 3. Whether Naming Walker at Step II is Sufficient[6]

Lay argues that "the Sgt name surfaced during the step two appeal process rendering Sgt. Walker's first step naming exhaustion requirements satisfied." ECF No. 29, PageID.188. Indeed, as described above, in the section summarizing the investigation performed in response to TCF-710, it is mentioned that "Officer Lowe … stated that he and Officer Kent were told by Sergeant Walker to search cell 39/40 of Auburn A." ECF No. 23-3, PageID.124. Additionally, in the forms constituting Lay's Step III appeal, Lay states

> The real question is why did Sgt. Walker authorize a severe shakedown of the prisoner's area in the dog unit program at 20:30 hrs in the evening? this should have been investigated because prisoners assigned to the dog training program must be

---

[6] Lay raises this argument in the section titled "Plaintiff's Overall Objection to the R&R." ECF No. 29, PageID.188.

> misconduct free and remain misconduct free while
> participating in the program.

Id. at PageID.121.

Unfortunately for Lay's position, however, when a Step I grievance fails to name an individual, naming that individual at Step II or Step III does not cure such procedural defect. *Brown v. McCullick*, No. 18-2226, 2019 WL 5436159, at *3 (6th Cir. Apr. 23, 2019) (naming individuals at Step III of the grievance process, when they have not been named at Step I or Step II, does not result in exhaustion as to those individuals); *Bickham v. Vanderschaegen*, No. 22-182, 2024 WL 3541545, at *5 (W.D. Mich. June 25, 2024) (Vermaat, J.) (where a Step I grievance does not include the name of an individual, naming that individual in the Step II grievance appeal does not exhaust the grievance as to that individual), *adopted Bickham v. Loman*, 2024 WL 3540243 (W.D. Mich. July 25, 2024).

Accordingly, this objection is overruled.

## IV. CONCLUSION

Accordingly, Lay's objections are **OVERRULED**. It is hereby **ORDERED** that Judge Grand's May 30, 2025, Report and Recommendation (ECF No. 28) is **ACCEPTED** and **ADOPTED**.

**IT IS SO ORDERED.**

Dated: September 17, 2025        s/Terrence G. Berg

HON. TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE